## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  LAURA DOUGHTY, individually and on behalf of all similarly situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-20-500-G |
| 1.  CENTRALSQUARE TECHNOLOGIES, LLC and 2.  CITY OF NORMAN, OKLAHOMA, a municipal corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441,

1446, and 1453, Defendant CentralSquare Technologies, Inc. ("CentralSquare") hereby

timely removes this action titled *Laura Doughty et al. v. CentralSquare Technologies, LLC*

*and City of Norman, Oklahoma*, (the "State Court Action"), from the District Court of

Cleveland County, Oklahoma, in which the action is currently pending, to the United States

District Court for the Western District of Oklahoma.[1]  This Court has jurisdiction under 28

U.S.C. §§ 1332(d) (Class Action Fairness Act large class action jurisdiction), 1441 *et seq.*,

and 1453; there exists simple diversity of citizenship, the State Court Action involves a

---

[1] By removing this action to this Court, CentralSquare does not waive any defenses, objections, or motions available under state or federal law.  CentralSquare expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum non conveniens.

proposed class of more than 100 members, and, upon information and belief, the amount in controversy exceeds $5 million.[2]  This Court also has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because one of Plaintiff's claims arises under federal law.  In support of this removal, CentralSquare further states:

## I.     THE REMOVED CASE

1.     On or about April 20, 2020, plaintiff Laura Doughty, individually, and on behalf of similarly situated persons ("Plaintiff"), commenced the State Court Action against CentralSquare Technologies, LLC and the City of Norman, Oklahoma, a municipal corporation, ("Defendants"), in the District Court for the state of Oklahoma, Cleveland County, captioned *Laura Doughty v. CentralSquare Technologies, LLC and City of Norman, Oklahoma*, Case No. CJ-2020-451, by filing a petition in the State Court Action (the "Petition").  The Petition alleges five causes of action: (1) negligence; (2) negligence per se, premised on CentralSquare's purported violation of the Federal Trade Commission Act, 15 U.S.C. § 45 (the "FTC ACT"); (3) breach of third-party beneficiary contract; (4) breach of contract; and (5) unjust enrichment.  (Ex. 1, Petition, ¶¶ 69-106).  Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2(a), a true and correct copy of all process, pleadings, and orders served on defendant CentralSquare are attached hereto as follows:

   a.     Petition – Exhibit 1;

   b.     Summons to CentralSquare – Exhibit 2;

   c.     Affidavit of Service to City of Norman – Exhibit 3;

   d.     Affidavit of Service to CentralSquare – Exhibit 4;

   e.     Entry of Appearance of Rickey J. Knighton, II – Exhibit 5; and

   f.     Answer of the City of Norman – Exhibit 6.

A copy of the docket sheet is attached hereto as Exhibit 7.

---

[2] *See* Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. § 1332(d)(2) *et. seq.*

2.      Defendant CentralSquare was served with a copy of the Petition and Summons through its agent for service on April 30, 2020.  *See* Ex. 2.

3.      According to the Affidavit of Service, the City of Norman was served with a copy of the Petition and Summons on or about April 30, 2020.  *See* Ex. 3.

4.      The undersigned counsel represents defendant CentralSquare in this action.

5.      Defendant CentralSquare has not filed a responsive pleading in the State Court Action, the deadline for which has not yet passed pursuant to an agreed-upon extension of CentralSquare's response due date between the parties.

## II.    THIS COURT HAS ORIGINAL JURISDICTION OVER THIS CAFA LARGE CLASS ACTION UNDER 28 U.S.C. § 1332(D)

6.      CAFA gives this district court original subject matter jurisdiction over any class action in which (i) any member of a class of plaintiffs is a citizen of a State different from any defendant, (ii) the number of members of all proposed classes is more than 100, and (iii) the matter in controversy exceeds $5 million, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).  The suit brought by Plaintiff constitutes such an action granting this Court original jurisdiction under CAFA as detailed herein.

### A.     The Diversity of Citizenship Requirement is Met

7.      Sufficient diversity of citizenship exists between Defendants and Plaintiff in this action to satisfy the minimal diversity requirements of 28 U.S.C. § 1332(d)(2), which requires only that "any member of a class of plaintiffs is a citizen of a State different from any defendant."[3]

---

[3] When enacting CAFA, Congress eliminated the requirement of "complete diversity" for certain class actions and mass actions filed in state or federal court, *see* 28 U.S.C. § 1332(d).

8.     Plaintiff Doughty is a citizen of Oklahoma.  *See* Ex. 1, ¶ 9.  Defendant CentralSquare is a Limited Liability Company registered in Delaware and its headquarters and principal place of business is located in Lake Mary, Florida.  *See* Ex. 1, ¶ 10.[4]  As such, CentralSquare is a citizen of Delaware and Florida for purposes of diversity jurisdiction under CAFA.  *See* 28 U.S.C. §§ 1332 (d)(2)(A), (d)(10).  *See also*, *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 (10th Cir. 2015) (explaining that "an LLC is defined under the Oklahoma code as 'an entity that is an *unincorporated association or proprietorship* having one or more members.'  18 O.S. § 2001(11) (emphasis added)" and noting that Congress expressly prescribed a different rule as to unincorporated associations under the Class Action Fairness Act, namely, that "[u]nder CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by its state of organization and principal place of business, not by the citizenship of its members. 28 U.S.C. § 1332(d)(10).").[5]  Because Plaintiff Doughty is a citizen of a different state than Defendant CentralSquare, the simple diversity requirement under CAFA is met.

**B.    CAFA's Class Size Requirement of 100 Class Members is Met**

9.     Plaintiff alleges a Nationwide Class consisting of all persons who were

---

[4] *See also*, Disclosure Statement Identifying Constituents of LLC, filed concurrently herewith.

[5] *See also*, *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010) (where the Fourth Circuit held similarly that a limited liability company is an "unincorporated association" within the meaning of 28 U.S.C. § 1332(d)(10) for purposes of diversity jurisdiction under CAFA).

purportedly harmed in the data breach "occurring between August and October 2019" and further alleges the existence of "tens of thousands" of such individuals, including "thousands" of members of the Norman Subclass. *See* Ex. 1, ¶¶ 22, 25, 27, 60 and 64. Thus, the State Court Action alleges claims on behalf of a Nationwide Class of more than 100 persons and the class size requirement under CAFA is therefore satisfied. *See* 28 U.S.C. § 1332 (d)(5)(B).

### C.    CAFA's Amount In Controversy Requirement is Also Met

10.    While the Petition fails anywhere to allege the amount in controversy in the action, *see, e.g.*, Ex. 1, Prayer For Relief at pp. 22-23, CentralSquare, upon information and belief, hereby alleges that the amount in controversy in the State Court Action exceeds $5 million, exclusive of interest and costs. This allegation is made based upon the size of the Nationwide Class referenced in the Petition, in combination with the nature of the claims and damages alleged therein. *See* 28 U.S.C. § 1332(d)(2).

11.    Plaintiff alleges harm to a Nationwide Class consisting of "[a]ll persons whose payment card information was harmed in the data breach … occurring between August and October 2019," which Plaintiff describes as "tens of thousands of individuals" residing in "[o]ver 30 cities," *see* Ex. 1, ¶¶ 22, 27, 60 and 64. In Plaintiff's Prayer for Relief, Plaintiff demands damages of all of the $3.00 convenience fees charged to the Norman Subclass members during the breach period. *See* Ex. 1 at pp. 22-23. Plaintiff additionally seeks "appropriate monetary relief, including actual damages, punitive damages, restitution and disgorgement" of unspecified amounts on behalf of all class members. *Id.* Plaintiff additionally seeks equitable, injunctive and declaratory relief,

including the extension of "credit monitoring services and similar services" to class members, in addition to "reasonable attorney fees." *Id*.

12.     Even if the "tens of thousands" of class members alleged in the Petition (*see* Ex. 1 ¶¶ 22, 27, 60 and 64) consists of the lowest possible number falling within that description, *i.e.*, 20,000 class members, these claimed damages certainly exceed the $5 million jurisdictional threshold.[6]

13.     First, the cost of Plaintiff's demanded "credit monitoring services and similar services," could amount to nearly $5 million by itself.  If such services were provided for an entire 20,000 member class for a two-year period, at an estimated cost of $10 per month, such services could amount to a cost to Defendants, and/or value to the class, of $4.8 million dollars.  With a class size of 90,000 members, such services could amount to a cost of $21.6 million.[7]  *See Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1198 (N.D. Okla. 2004) (in determining the amount in controversy "the Court may consider either the cost or value of the injunctive relief sought.  *Justice v. Atchison, Topeka & Santa Fe Ry.Co.,* 927 F.2d 503, 505 (10th Cir.1991).").

---

[6] With 20,000 class members, damages in excess of $250 per class member would exceed the $5 million threshold.  *See also*, Ex.1 ¶ 64 where Plaintiff references "several thousand residents of each of the over 30 municipalities affected"; if "several thousand" were interpreted to mean 3,000 persons in each of those 30 municipalities, the class size would be 90,000, and the required damages amount to meet that jurisdictional threshold would be only $55.56 per class member.

[7] $10 per month x 12 months/year x 2 years = $240 x 20,000 class members = $4.8 million. If the class size is 90,000 (see fn. 6 above), the cost would be $240 x 90,000 = $21.6 million.  *See, e.g.*, https://creditcards.usnews.com/articles/is-credit-monitoring-worth-it estimating that credit monitoring and identity theft protection services costs can range from less than $10 to more than $30 per month.

14.     Second, the $3 per month convenience fee refund sought by Plaintiff on behalf of the thousands of Norman Subclass members over the three month class period would amount to $9 for each of those thousands of class members.  Assuming 5,000 members of that class at $9 each, this claimed damages would amount to $45,000.  S*ee* Ex. 1 ¶¶ 24-25, 47-51, 60.

15.     Third, in determining whether the jurisdictional amount has been satisfied, the Court must also take into account Plaintiff's demand for punitive damages.  *See Flowers v. EZPawn Okla., Inc.,* 307 F. Supp. 2d at 1198 (citing *Bell v. Preferred Life Assurance Soc'y,* 320 U.S. 238, 240 (1943)).  Oklahoma's punitive damages statute permits damage awards up to $500,000, where a jury finds that the defendant acted intentionally and with malice toward others.  23 O.S. § 9.1.  *See, e.g.*, Ex. 1 ¶¶ 75, 84 (alleging CentralSquare's "willful decision not to comply with industry standards" and that it "knew that it was failing to meet its duties").

16.     CentralSquare therefore, upon information and belief, alleges that the amount in controversy, exceeds the $5 million jurisdictional threshold; including only credit monitoring services, the return of convenience fees to the Norman Class members, and potential punitive damages in the calculation estimated damages total $5.345 million.[8] Plaintiff's claims for actual damages, and any additional restitution, disgorgement, equitable, injunctive or declaratory relief, for at least 20,000 class members (the lowest number that can fall within Plaintiff's allegation of "tens of thousands" of class members),

---

[8] With a class size of 90,000, that number would total $22.145 million. *See* Ex. 1 ¶ 64, fn. 6 and 7, *supra*.

in addition to the demanded attorney fees, would only add to that number. As such, CentralSquare alleges the amount in controversy exceeds $5 million, satisfying this final requirement for removal under CAFA.[9]

17.     In sum, because all the requisite elements are met, this Court has CAFA large class action diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).

**D.     City of Norman's Consent for Removal Not Required**

18.     The consent for removal of this action by co-defendant City of Norman is not required. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 [ ], without regard to whether any defendant is a citizen of the State in which the action is brought, *except that such action may be removed by any defendant without the consent of all defendants*." (emphasis added)).

## III.     THIS COURT ALSO HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1331

19.     The State Court Action is also a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1446, in that it arises under the laws of the United States, *i.e.*, the Federal Trade Commission Act, 15 U.S.C. § 45 (the

---

[9] If Plaintiff contests this Court's diversity jurisdiction, then CentralSquare asks for the opportunity to conduct limited discovery, at a minimum, to ascertain the unnamed "[o]ver 30 cities" referenced in the Petition and at least the approximate size of Plaintiff's purported Nationwide Class consisting of "tens of thousands" of members, and "several thousand residents of each of the over 30 municipalities affected." (*See* Ex. 1 ¶¶ 27, 60, 64.)

"FTC Act").  *See* Ex. 1 ¶¶ 39-42, 77-85.  Plaintiff's negligence per se cause of action is entirely dependent upon a determination that CentralSquare violated its obligations under the FTC Act, which will require an interpretation and application of those obligations under federal law as they pertain to alleged data breaches.  As such, a substantial federal issue is raised by the State Court Action, *i.e.*, whether a data breach involving a company's software by criminal actors constitutes a violation of the FTC Act, which is disputed by defendant CentralSquare, and is capable of resolution in the federal court without disrupting the federal-state balance.  *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).  *See also*, *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227 (10th Cir. 2006) ("In sum, '[g]iven the absence of threatening structural consequences' and the importance for the availability for a federal forum, 'there is no good reason to shirk from federal jurisdiction over the dispositive and contested federal issue at the heart of [this] state-law ... claim.' [Citation.]."

## IV.   THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE REMAINDER OF PLAINTIFF'S CLAIMS

20.   Supplemental jurisdiction pursuant to 28 U.S.C. § 1367 exists over Plaintiff's related tort and breach of contract claims, as these claims form part of the same case or controversy as Plaintiff's negligence per se cause of action premised upon a violation of federal law under Article III of the United States Constitution.

## V.   CENTRALSQUARE HAS SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

21.   As stated herein, all process, pleadings, and orders are attached to this Notice of Removal.  Also attached is a copy of the docket sheet as Exhibit 7.  *See* 28 U.S.C. §

1446(a) and LCvR 81.2(a).

22.     The District Court for the State of Oklahoma, Cleveland County, is located within the Western District of Oklahoma, *see* 28 U.S.C. § 116(c), and venue for this removal is proper in this Court under 28 U.S.C. § 1441(a) because the Western District of Oklahoma is the "district and division embracing the place where such action is pending."

23.     Defendant Central Square received the Petition on April 30, 2020.  *See* Ex. 2.  Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).

24.     No previous application has been made for the relief requested herein.

25.     Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

26.     CentralSquare will promptly file a copy of this Notice with the Clerk of the District Court for the State of Oklahoma, Cleveland County as required by 28 U.S.C. § 1446(d).

## VI.    REQUEST TO BE HEARD

27.     If any question arises as to the propriety of the removal of this action, CentralSquare requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

28.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of CentralSquare's right to assert any defense or affirmative matter in this action.

WHEREFORE, CentralSquare gives notice that the matter bearing civil action

number CJ-2020-45 in the District Court for the State of Oklahoma, Cleveland County, is removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453. CentralSquare requests that this Court retain jurisdiction for all proceedings in this matter as provided by law.

FOLIART, HUFF, OTTAWAY & BOTTOM

*/s/Amy Sherry Fischer*
Larry D. Ottaway-OBA# 6816
Amy Sherry Fischer-OBA# 16651
Jordyn L. Cartmell-OBA# 31043
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, Oklahoma  73102
Telephone:  (405) 232-4633
Fax:  (405) 232-3462
larryottaway@oklahomacounsel.com
amyfischer@oklahomacounsel.com
jordyncartmell@oklahomacounsel.com

and

David M. Lisi, CA SBN 154926*
Cathleen Donohoe, CA SBN 228729*
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 233-4500
Fax: (650) 233-4545
David.Lisi@Pillsburylaw.com
Cathleen.Donohoe@Pillsburylaw.com

and

Jeffrey R. Gans, VA SBN 39094*
Pillsbury Winthrop Shaw Pittman LLP
1200 17th St. NW
Washington, D.C. 20036
Telephone: (202) 663-9387
Fax: (202) 663-8007
Jeffrey.Gans@Pillsburylaw.com

*denotes nation counsel who will seek pro hac vice admission*

**ATTORNEYS FOR DEFENDANT CENTRALSQUARE TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

[X] I hereby certify that on this 28th day of May, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William B. Federman, OBA #2853
Cedric C.M. Bond, OBA #33119
Federman & Sherwood
10205 N. Pennsylvania
Oklahoma City, OK  73120
T: 405-235-1560
F: 405-239-211
wbf@federmanlaw.com
ccmb@federmanlaw.com
*Attorneys for Plaintiff*


Rickey J. Knighton, II, OBA#17257
Assistant City Attorney
P.O. Box 370
201 West Gray
Norman, OK 73069
T: 405-217-7700
F: 405-366-5425
Rick.knighton@normanok.gov
*Attorneys for Defendant*
*City of Norman, Oklahoma*


                                    */s/Amy Sherry Fischer* _____