UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAURA DOUGHTY, individually and on behalf of all similarly situated persons, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-500-G ) |
| CENTRALSQUARE TECHNOLOGIES, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court is Plaintiff Laura Doughty's Motion to Strike (Doc. No. 33). Defendant CentralSquare Technologies, LLC, has responded (Doc. No. 62) and Plaintiff has replied (Doc. No. 63).

In her Motion, Plaintiff states that on November 4, 2020, she received an offer of judgment (the "Offer") from Defendant. *See* Pl.'s Mot. to Strike at 1; *id.* Ex. 1 (Doc. No. 33-1). Plaintiff criticizes the timing, intent, and content of this offer on various grounds and requests that the Court "strike" the Offer[1] and award Plaintiff her attorney's fees incurred in bringing the Motion to Strike. *See* Pl.'s Mot. to Strike at 2-8 (citing *Nayfa v. Papa's Leatherbarn, LLC*, No. CIV-10-80-W, 2010 WL 11451122 (W.D. Okla. July 6, 2010)); Pl.'s Reply at 1-5.

---

[1] Plaintiff does not explain what she means by "strike." The Court presumes that Plaintiff seeks a ruling that the Offer is not a valid "unaccepted offer" for cost-shifting purposes under Federal Rule of Civil Procedure 68(d).

Defendant responds that its offer complies in every respect with Rule 68 of the Federal Rules of Civil Procedure and that current case law casts doubt on the Court's ability to strike a Rule 68 offer of judgment. Defendant further represents that the Offer was presented in good faith, such that there is no basis for the imposition of a fee-award sanction. *See* Def.'s Resp. at 1-4.

Having reviewed the parties' filings, the Court rejects Plaintiff's argument that striking the Offer as improper is required under *Nayfa*. Contrary to Plaintiff's repeated assertions, *Nayfa*—a single decision from a fellow District Judge of this Court—is not "controlling" or the "prevailing law" on this unrelated matter. *See Garcia v. Tyson Foods, Inc.*, 534 F.3d 1320, 1329 (10th Cir. 2008) ("[T]here is no such thing as 'the law of the district.'" (internal quotation marks omitted)); *see also In re Walk*, No. 2:12-CV-00511, 2012 WL 3292934, at *7 & n.25 (D. Utah Aug. 10, 2012). Further, the written decision in *Nayfa* explicitly circumscribed its ruling to "the limited circumstances" of that case, highlighting that the case law with respect to Rule 68 offers in putative class actions is "unsettled" and "the subject of some debate." *Nayfa*, 2010 WL 11451122, at *2 & n.2; *accord Minner v. Off. Depot, Inc.*, 336 F.R.D. 213, 215-16 (D. Colo. 2020); *see also id.* at 216-17 (denying a request to strike a Rule 68 offer for having been propounded for an improper purpose and discussing the lack of a procedural mechanism to strike such an offer).

Even assuming a Rule 68 offer of judgment may be stricken, the Court sees no cause to do so here. Regardless of whether Defendant's Offer specifically addresses the Complaint's request for injunctive relief, it is "an offer to allow judgment on specified

2

terms," which is all that Rule 68 requires. Fed. R. Civ. P. 68(a). The timing of the Offer does not clearly evince any bad faith on the part of Defendant. *Cf. Minner*, 336 F.R.D. at 217 (addressing the defendant's "unfortunate" and "reprehensible" offer of judgment on the eve of the plaintiff's major surgery and lengthy recovery).[2] Defendant has presented a reasonable, nonfrivolous basis for addressing the putative Norman subclass in the Offer but omitting a remedy as to the putative nationwide class. *See* Def.'s Resp. 3-4 (noting a possible lack of personal jurisdiction over nonresident plaintiffs). And while courts have noted the conflict that the extension of a Rule 68 offer of judgment by a defendant may create for a putative class representative, Plaintiff only vaguely suggests such a conflict here, and "[t]he Tenth Circuit Court of Appeals . . . ha[s] recognized that Rule 68 offers are generally applicable in class actions." *Shaw v. Jones*, No. CIV-19-1343, 2020 WL 2296743, at *3 (D. Kan. May 7, 2020) (citing *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1244 (10th Cir. 2011)); *see also Almeida v. BOKF*, No. 17-CV-126, 2020 WL 7405792, at *2 (N.D. Okla. Dec. 17, 2020) (noting the tension that such an offer creates for the named plaintiff but declining to invalidate pre-certification offers in putative class action lawsuit).

Accordingly, neither striking the Offer nor assessing attorney's fees against Defendant is warranted.

---

[2] Plaintiff waited until one day after the Offer had expired to file this Motion and did not ask the Court to extend the time period during which she could consider the Offer. *See, e.g.*, *Minner*, 336 F.R.D.at 216-17.

CONCLUSION

As outlined above, Plaintiff's Motion to Strike (Doc. No. 33) is DENIED.

IT IS SO ORDERED this 1st day of July, 2021.

CHARLES B. GOODWIN
United States District Judge