# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAURA DOUGHTY, individually and on behalf of all similarly situated persons, et al.** | )<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No. CIV-20-500-G<br>) |
| **CENTRALSQUARE TECHNOLOGIES, LLC et al.,** | )<br>)<br>) |
| **Defendants.** | ) |

## ORDER

Now before the Court is Plaintiffs Laura Doughty and Amanda Fischer's Unopposed Motions for Preliminary Approval of Class Action Settlement (Doc. No. 109). Plaintiffs seek, on behalf of themselves and on behalf of the proposed settlement class, preliminary approval of the proposed class action settlement between themselves and Defendant CentralSquare Technologies, LLC ("CentralSquare"), provisional certification of the proposed settlement class, and approval of the proposed plan for notifying the proposed settlement class.[1]

Having reviewed the proposed settlement, together with its exhibits, and based upon the relevant submissions and all prior proceedings in this matter, the Court finds that that the proposed settlement satisfies the criteria for preliminary approval, finds that that the

---

[1] Defendant City of Norman, Oklahoma is not a party to the proposed class action settlement. Any reference in this Order to the "Parties" relates solely to Plaintiffs and CentralSquare, and any reference in this Order to "Action" relates solely to Plaintiffs' claims against CentralSquare.

proposed settlement class is likely to be certified for settlement purposes, and approves the proposed notice plan. Accordingly, for good cause shown, the Court GRANTS the Motions (Doc. No. 109).[2]

   I.   *Provisional Certification of the Settlement Class*

   The Court finds that it is likely to certify the following Settlement Class:

   All residents of the United States whose Payment Card was used to pay utility bills and/or other payments through the CentralSquare Click2Gov payment portal between January 1, 2017 and December 31, 2019. Excluded from the Settlement Class are the judge(s) presiding over this matter, any members of the judicial staff, the officers and directors of CentralSquare, and persons who timely and validly request exclusion from the Settlement Class.

This Settlement Class is provisionally certified for purposes of settlement only.

   The Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts as the claims of the Settlement Class members; (d) the Settlement Class Representatives and Settlement Class counsel will fairly and adequately protect the interests of the Settlement Class, as the Settlement Class Representatives have no interests antagonistic to or in conflict with those of the Settlement Class, and the Settlement Class Representatives have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class members predominate over

---

[2] Unless otherwise indicated, capitalized terms in this Order have the same meaning as in the settlement agreement. *See* Doc. No. 110-1.

any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy. In accordance with Federal Rule of Civil Procedure 23(e)(1)(B), the Court finds that it will likely be able to certify the Settlement Class for purposes of judgment at the Final Approval Hearing.

Plaintiffs Laura Doughty and Amanda Fischer are designated and appointed as Settlement Class Representatives. The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members, are typical of the Class, and that they will be adequate Settlement Class Representatives.

The Court finds that the following counsel is experienced and adequate counsel and are hereby designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): William B. Federman of Federman & Sherwood.

II.   *Preliminary Approval of the Proposed Settlement*

Upon preliminary review as required under Rule 23(e)(1)-(2), the Court finds it will likely be able to approve the proposed Settlement, that the Settlement appears to be fair, reasonable, and adequate, and that it warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

III.   *Final Approval Hearing*

A Final Approval Hearing shall take place before the Court on Friday, October 7, 2022, at 02:00 p.m., in Courtroom 305 before United States District Judge Charles Goodwin of the United States District Court for the Western District of Oklahoma, William J. Holloway Jr. United States Courthouse, 200 Northwest Fourth St., Oklahoma City, OK,

to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes under Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate, and finally approved under Fed. R. Civ. P. 23(e); (c) the Action should be dismissed with prejudice in accordance with the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved under Fed. R. Civ. P. 23(h); and (f) the application of Settlement Class Representatives for Service Awards (the "Service Awards Request") should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

Plaintiffs' motion for final approval of the Settlement, Service Awards Request, and Fee Request shall be filed with the Court at least 14 days prior to the deadline for submission of objections specified in the Notice. Objectors, if any, shall file any response to Class Counsel's motions no later than 14 days after the filing deadline for the motions. Any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, expenses, notice and administration costs, and Service Awards shall be filed by no later than 14 days after the objector response deadline.

Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has

elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

IV.   *Administration*

KCC Class Action Services, LLC ("KCC") is appointed as the Settlement Administrator, with responsibility for class notice and claims administration.

V.   *Notice to the Class*

The proposed Notice Program set forth in the Settlement Agreement, the Claim Form, Long Form Notice, Summary Notice, and Declaration of Settlement Administrator attached to the Settlement Agreement as Exhibits A, C, E, and G satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) and are hereby approved.  Non-material modifications to these Exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement, including but not limited to section VII thereof.

No later than 30 days after this Preliminary Approval Order is issued by the Court (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program in the manner set forth in sections VII of the Settlement Agreement and in the Declaration of Settlement Administrator attached as Exhibit G thereto.

Within 7 days after the Notice Deadline, the Settlement Administrator shall provide Settlement Class Counsel and CentralSquare with one or more affidavits confirming that the Notice Program was completed in accordance with the Settlement Agreement, the

Parties' instructions, and the Court's approval. Settlement Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Settlement Class Representatives' motion for final approval of the Settlement.

## VI.  *Class Action Fairness Notice*

Within 10 days after the filing of the motion for preliminary approval, CentralSquare shall serve or cause to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## VII.  *Exclusions from the Settlement Class*

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of such intent to exclude himself or herself from the Settlement Class to the Settlement Administrator at the address provided in the Notice, postmarked no later than 45 days after the Notice Deadline (the "Opt-Out Deadline"). The written notification must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid

written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the Release set forth in the final judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

VIII.  *Objections to the Settlement*

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Awards Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court within 45 days after the Notice Deadline (the "Objection Deadline"); (b) filed in person at any location of the U.S. District Court for the Western District of Oklahoma before the Objection Deadline; or (c) mailed to the Clerk for U.S. District Court for the Western District of Oklahoma. All such objections must be: (ii) be filed or postmarked on or before the Objection Deadline; and (iii) mailed first class postage prepaid to Class Counsel and CentralSquare's counsel and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

    a.   the case name and number of the Action;

b. the full name, address, email address, and telephone number of the objecting Settlement Class Member;

c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d. all grounds for the objection stated, with specificity, accompanied by any legal support for the objection;

e. the identity of all counsel who represent the objecting Settlement Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Awards;

f. the identity of all representatives (including counsel representing the objecting Settlement Class Member) who will appear at the Final Approval Hearing;

g. any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity;

h. a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection;

i. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

j. any the objector's signature on the written objection (an attorney's signature is not sufficient).

Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection. Any Settlement Class Member who fails to comply with the provisions in this Section may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Settlement Agreement if final judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Awards Request, or the Fee Request.

If final judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in the Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Awards Request, or the Fee Request.

## IX.   *Claims Process and Distribution Plan*

Settlement Class Representatives and CentralSquare have created a process for assessing and determining the validity of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the Settlement Administration Protocol substantially in the form attached to the Settlement Agreement as Exhibit F and directs that the Settlement Administrator effectuate the Settlement Administration Protocol according to the terms of the Settlement Agreement.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If final judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever

barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the Releases in the Settlement Agreement, contained herein, and the final judgment.

X. *Termination of the Settlement and Use of this Order*

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with Section XII of the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

This Order shall be of no force or effect if final judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against CentralSquare of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

XI.   *Stay of Proceedings*

Except as necessary to effectuate this Order, any proceedings and any deadlines set by the Court in this matter as to CentralSquare are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.  This Order does not stay the proceedings or deadlines as to Defendant City of Norman, Oklahoma.

XII.   *Continuance of Final Approval Hearing*

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

XIII.   *Summary of Deadlines*

The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

- Notice Deadline: May 20, 2022
- Objection and Opt-Out Deadline: July 5, 2022
- Claims Deadline: August 18, 2022
- Motions for Attorneys' Fees, Expenses, and Service Awards: June 21, 2022
- Motion for Final Approval of the Settlement: June 21, 2022
- Objectors' Response to Final Approval Motion and Fee Application: July 5, 2020

11

- Replies in Support of Final Approval and Fee Motion: July 19, 2020

- Final Approval Hearing: Friday, October 7, 2022, at 02:00 p.m.

IT IS SO ORDERED this 20th day of April, 2022.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge