UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAURA DOUGHTY, individually and on behalf of all similarly situated persons,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )  Case No. CIV-20-500-G ) |
| **CENTRALSQUARE TECHNOLOGIES, LLC et al.,** | ) ) ) |
| **Defendants.** | ) |

# ORDER

Now before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 122), and Plaintiffs' Unopposed Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives (Doc. No. 123). On April 20, 2022, the Court issued an Order (Doc. No. 115) preliminarily approving the class action settlement between Plaintiffs and Settlement Class Representatives Laura Doughty and Amanda Fischer, on behalf of themselves and the Settlement Class, and Defendant CentralSquare Technologies, LLC ("CentralSquare"), set forth in the Settlement Agreement and Release dated March 28, 2022, including the exhibits attached thereto (Doc. No. 110-1, the "Settlement Agreement").[1]  On November 30, 2022, the Court held a

---

[1] The Court entered Judgment against Defendant City of Norman, Oklahoma on November 18, 2022 (Doc. No. 134), and Defendant City of Norman, Oklahoma is not a party to the Settlement Agreement.  Any reference in this Order to the "Parties" relates solely to Plaintiffs and Defendant CentralSquare, and any reference in this Order to "Action" relates solely to Plaintiffs' claims against Defendant CentralSquare.

hearing on final approval of the Settlement Agreement and Plaintiffs' Unopposed Motions (Doc. Nos. 122, 123).

Having considered the Settlement Agreement, the Unopposed Motions, the submissions of the Settlement Class Representatives and Defendant CentralSquare in support of final approval of the settlement, and the Parties' presentations at the final approval hearing, the Court finds that the criteria for final approval of the class action settlement with Defendant CentralSquare have been satisfied.  Accordingly, for good cause shown, the Court GRANTS the Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 122), and Plaintiffs' Unopposed Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives (Doc. No. 123).

The Court therefore ORDERS as follows:

1. The Court, for purposes of this Final Order adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court has jurisdiction over the subject matter of the Action and personal jurisdiction over the Parties and Settlement Class Members.

3. On April 20, 2022, the Court entered an Order granting preliminary approval (Doc. No. 115, "Preliminary Approval Order"), that certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, the request for Service Awards to the Settlement Class Representatives (the "Service Awards Request"), and the motion for attorneys' fees, costs and expenses (the "Fee Request").

4.     In the Preliminary Approval Order, the Court approved the Notice Program, the Notice, and the Claim Form, and found that the form, content and method of giving notice to the Class constitute the best practicable notice to the Class and are reasonable. A declaration confirming that the Notice has been emailed, mailed, and distributed pursuant to the Notice Program and the Preliminary Approval Order has been filed with the Court. *See* Doc. No. 122-1. The Court finds that the distribution of the Notice has been achieved in accordance with the Preliminary Approval Order and the Settlement Agreement.

5.     The Notice and the Notice Program provided the best notice practicable under the circumstances to the Settlement Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23. Based on the evidence and information supplied to the Court in connection with the final approval hearing held on November 30, 2022, the Court finds that the Notice was adequate and reasonable. The Court further finds that through the Notice, the Settlement Class has been apprised of the nature and pendency of the Action, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

6.     The Court finds that Defendant CentralSquare has complied with the requirements of 28 U.S.C. § 1715.

7.     The Court finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members, are typical of the Class, and are adequate Settlement Class Representatives, and that Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class. The Court

3

grants final approval to its appointment of Class Counsel and Settlement Class Representatives as provided in the Preliminary Approval Order (Doc. No. 115), appointing William B. Federman of Federman & Sherwood, as Class Counsel, and appointing as Settlement Class Representatives Laura Doughty and Amanda Fischer.

8. The Court certifies the following Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

All residents of the United States whose Payment Card was used to pay utility bills and/or other payments through the Defendant CentralSquare Click2Gov payment portal between January 1, 2017 and December 31, 2019.

Excluded from the Settlement Class is the judge presiding over the Action, any members of his judicial staff, the officers and directors of Defendant CentralSquare, and persons who timely and validly request exclusion from the Settlement Class.

9. Excluded from the Settlement Class are two individuals identified in Doc. No. 132, who submitted timely and valid requests for exclusion from the Class ("Opt-Outs").[2] Opt-Outs shall not receive any benefits of the Settlement Agreement and shall not be bound by this Final Order and the Judgment against Defendant CentralSquare (the "Final Judgment").

10. The Court finds that the Settlement Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there

---

[2] Jessica Aponte and Ronald Friedland. *See* Doc. No. 132, at 20, 45-49.

4

are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class, as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and efficient resolution of this controversy.

11. The Court approves the settlement of the Action as set forth in the Settlement Agreement and finds that the settlement meets the requirements of Federal Rule of Civil Procedure 23(e)(2) and is in all respects fair, reasonable, adequate and is in the best interests of the Settlement Class Members.

a. The Court finds that the Class Representatives and Class Counsel have adequately represented the class.

b. The Court further finds that the Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their experienced counsel, with the assistance of an experienced mediator.

c. The Court finds that the relief provided to the class is adequate taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of the proposed

method of distributing relief to the class; the terms of the proposed attorneys' fees; and the agreement(s) made separate from but related to the Settlement Agreement.

      d.      The Court finds the Settlement Agreement treats Settlement Class Members equitably to each other, in that every Settlement Class Member has equal opportunity to claim relief under one of the three Settlement Tiers, and all Settlement Class Members as well as the general public will be benefitted by Defendant's changes to its business practices.

      12.      The Court finds that the Parties face significant risks, expenses, delays, and uncertainties, including as to the outcome of continued litigation, in this Court or on appeal, of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

      13.      No objections or briefs in opposition to the settlement, Fee Request, or Service Award Request were filed by any class members.

      14.      The Court directs the Parties to perform in accordance with the terms of the Settlement Agreement and the Orders of this Court.

      15.      The Court approves the Settlement Administration Protocol attached as Exhibit F to the Settlement Agreement and orders the Settlement Administrator to distribute the settlement benefits to Settlement Class Members in accordance with the terms of the Settlement Agreement and Settlement Administration Protocol.

16. As of the Effective Date, the Releasing Parties, each on behalf of themselves individually and on behalf of their respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully and irrevocably released and forever discharged Defendant CentralSquare and each of its present and former insurers, parents, subsidiaries, successors, and assigns, and the present and former directors, officers, employees, agents, members, managers, attorneys, successors and assigns of each of them (collectively the "Released Parties"), of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to theft of Personal Information related to the Incident that were or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the Incident, (2) the theft, exposure or disclosure of Settlement Class Members' Personal Information; (3) Defendant CentralSquare's maintenance or storage of Settlement Class Members' Personal Information, if any; (4) Defendant CentralSquare's information security policies and practices; (5) Defendant CentralSquare's response to the Incident; or (6) Defendant CentralSquare's notice of the Incident to Settlement Class Members (the "Released Claims").

17. For the avoidance of doubt, the Released Claims include any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States; causes of action under the

7

common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, breach of third-party beneficiary contract, breach of implied contract, and breach of implied covenant of good faith and fair dealing; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; and also including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.  The Released Claims do not include any claims arising from or relating to any conduct by Defendant CentralSquare after the date the Settlement Agreement was executed.

18. As of the Effective Date, the Releasing Parties will be deemed to have completely released and forever discharged the Released Parties, and the Released Parties will be deemed to have completely released and forever discharged the Releasing Parties and Class Counsel, from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Action.

19. The Releasing Parties may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including unknown claims. The Releasing Parties acknowledge that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

20. Upon entry of Final Judgment, the Parties shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Parties or Class Counsel based on any actions taken that are authorized or required by this Agreement or by the Final Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

21. This Final Order and the Final Judgment shall not be: (a) used as an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) used as an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

22. The Settlement Agreement shall not constitute and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a

compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Per Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

23. Notwithstanding the foregoing, nothing in this Final Order or the Final Judgment shall be interpreted to prohibit the use of the Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

24. Class Counsel have moved for an award for attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and having reviewed the Fee Request, supporting memorandum and associated papers and having considered the factors for assessing the reasonableness of a class action fee request, the Court makes the following findings of fact and conclusions of law:

    a. The Settlement confers monetary and non-monetary benefits on the Settlement Class that are substantial when assessed in light of the risk of establishing liability and damages in this case;

    b. There were no objections by Settlement Class Members to the requested fee award;

  c. Class Counsel have reasonably expended over 1,295 hours and incurred substantial out-of-pocket expenses in prosecuting this action, with no guarantee of recovery;

  d. The Settlement was achieved for the benefit of the Settlement Class as a direct result of Class Counsel's advocacy and work on behalf of the Settlement Class;

  e. The Settlement was reached following negotiations held in good faith, in the absence of collusion and under the supervision of a highly skilled mediator Rodney Max;

  f. Settlement Class Members were advised in the Notice, which Notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees, costs and expenses in an amount up to $900,000 to be paid by Defendant CentralSquare;

  g. Class Counsel has moved for an award of attorneys' fees, costs and expenses in the amount of $ 900,000, which motion has been on the docket and publicly available since July 11, 2022;

  h. The award requested by class counsel represents 31% of the total estimated settlement value (fees representing 28% of the total estimated settlement value), which is reasonable and well within the range of attorneys' fees granted in similar cases; and

  i. Under the Settlement Agreement, the finality of the settlement is not dependent upon an award of attorneys' fees and expenses.

  25. Accordingly, Class Counsel are hereby awarded attorneys' fees, costs and expenses in the amount of $ 900,000. The Court finds this award to be fair and reasonable.

The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

26. Class Counsel have also requested that Service Awards be approved and paid to Settlement Class Representatives in recognition of their services provided for the benefit of the Settlement Class. The Court, having reviewed the Service Awards Request, as well as the supporting memorandum and associated papers, hereby finds that an award of $2,500 to Laura Doughty and an award of $1,000 to Amanda Fischer, the two Settlement Class Representatives is fair, reasonable, and appropriate in light of the service each Class Representative has provided on behalf of and for the benefit of the Settlement Class, and an award in that amount is hereby approved. The Settlement Administrator is directed to make such service award payments to the Settlement Class Representatives in accordance with the terms of the Settlement Agreement, this Final Order, and the Final Judgment.

27. The Court hereby dismisses the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Order and the Final Judgment.

IT IS SO ORDERED this 30th day of December, 2022.

_____
CHARLES B. GOODWIN
United States District Judge